In re Petition for **DISCIPLINARY ACTION AGAINST Dixon E. JONES, an Attorney at Law in the State of Minnesota.**

No. C7–83–1080.

Supreme Court of Minnesota.

Jan. 6, 1984.

Nancy W. McLean, St. Paul, for Michael J. Hoover—Lawyers Bd. of Professional Responsibility.

Dixon E. Jones, Edina, for respondent.

PER CURIAM.

This matter comes before this court upon its order of November 15, 1983 directing Dixon E. Jones to appear for purposes of considering appropriate discipline to be imposed in the above-entitled matter.

A petition for discipline was served upon Jones on September 7, 1983. He did not

answer the allegations in the petition. Under Rule 13(c), Rules on Lawyers Professional Responsibility, a failure to interpose an answer in any disciplinary proceedings results in the allegations of the petition being deemed admitted.

The petition, in part, alleges that Jones entered into a stipulation with the Board relative to disciplinary violations. This stipulation was approved by the Board on April 2, 1983. The stipulation provided a timetable for the occurrence of certain events. The stipulation also required that Jones was to cooperate fully with the Director of the Lawyers' Board. The petition before this court contains numerous allegations of violations of the terms of the stipulation.

We have examined the record in this case and conclude that the respondent, Dixon Jones, shall be publicly reprimanded for his conduct and placed upon probation for two years from the date of filing of this decision. The probation is established subject to the following terms and conditions:

1. Respondent shall abide by the Minnesota Code of Professional Responsibility (MCPR) or such other rules governing attorney conduct as the supreme court may promulgate.

2. Respondent shall maintain books and records concerning property and funds held on behalf of clients, in compliance with the Minnesota Code of Professional Responsibility and Opinion 9 issued by the Lawyers Professional Responsibility Board. Such books and records shall, upon request, be subject to review by Director.

3. Respondent shall initiate and maintain office procedures which insure that he promptly responds to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which he is handling, and which will insure that respondent regularly reviews each and every file which he is handling and completes legal matters entrusted to him on a timely basis.

4. Respondent shall pay his attorney registration fee on or before the due date. Respondent further agrees to provide the Director with proof of such payment each year.

5. Respondent shall be in compliance with filing and payment requirements for all state and federal taxes. Further, respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due. Respondent shall affirmatively report, on or before the due date of each year during which this probation is in effect, his compliance with said filing and payment requirements, and that upon Director's request, respondent shall provide Director with tax authorizations necessary for Director to obtain verification from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

6. On or before April 1, 1984, respondent shall furnish to the Director satisfactory evidence that the Olson, Koegler and Jurgens matters referred to in the prior stipulation between the parties have been terminated.

7. Respondent shall communicate with the Director's office in writing. If oral conversations occur, written confirmation of the oral contact shall be immediately furnished to the Director by the respondent.

8. Failure of the respondent to fulfill the terms of this probation shall be grounds for immediate suspension from the practice of law and for such other and further discipline as may be required.