**In the Matter of the Application for the DISCIPLINE OF John P. FITZGER-ALD, Jr., an Attorney at Law of the State of Minnesota.**

C6–84–335.

Supreme Court of Minnesota.

April 2, 1985.

---

### ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has certain rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR). Respondent waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments.

2. Respondent admits the following actions constituting unprofessional conduct:

a. Respondent did not file until 1984 his United States Individual Income Tax returns nor his Minnesota Individual Income returns for any of the years 1978, 1979, 1980, 1981, and 1982.

b. Respondent neglected certain post-trial matters on behalf of his client, Robert L. Fisher.

c. Respondent practiced law from April 1, 1983, through November. 2, 1983 while his license was suspended for non-payment of attorney registration fees.

d. Respondent's conduct violated disciplinary rules DR 1–102(A)(6), DR 6–101(A)(3), and DR 3–101(B) Minnesota Code of Professional Responsibility.

3. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

4. Respondent has presented to the Director evidence clearly and convincingly indicating that his misconduct was caused by alcoholism, that respondent is recovering from alcoholism through completed in-patient treatment and a continuing program of counseling and participation in Alcoholics Anonymous, that respondent's recovery has arrested his misconduct and his misconduct is not apt to recur.

5. Respondent has furnished to the Director evidence that he has filed his delinquent Minnesota and U.S. Income Tax returns and paid his Minnesota tax

obligations. Respondent represents that his unpaid tax obligation to the United States is approximately $20,000, that he does not have the resources to pay this obligation and that he will pay it promptly when he has income sufficient to do so.

6. The Director and respondent join in recommending that the appropriate discipline is suspension from the practice of law for ninety days and three years probation pursuant to Rule 15, RLPR. Respondent agrees to the imposition and payment of $500 in costs pursuant to Rule 25(a), RLPR.

7. The terms of respondent's recommended probation are:

a. Respondent shall abide by the MCPR or such other rules governing attorney conduct as the supreme court may promulgate. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

c. Respondent shall regularly attend meetings of Alcoholics Anonymous or other out-patient alcohol treatment program acceptable to the Director.

d. Respondent shall, upon the Director's request, execute such authorizations as may be necessary for the Director to verify respondent's compliance with the terms of this stipulation, including his compliance with treatment provisions or recommendations.

e. For tax years beginning with 1984, respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due. Respondent shall affirmatively report, on or before the due date of each year during which this probation is in effect, his compliance with said filing and payment requirements. Upon the Director's request, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

f. With respect to respondent's existing federal tax obligation, respondent shall enter into a repayment plan agreement acceptable to the I.R.S., make the payments as provided in the plan and provide the Director with copies of the plan, evidence of timely payments and such authorizations as the Director may require for verification.

g. Within two weeks of the date this stipulation is approved by the court, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

h. Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

i. Respondent shall not engage in the solo practice of law or any other form of largely unsupervised practice without prior notice to the Director, and furnishing of satisfactory proof that he is able to do so.

8. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

9. Respondent hereby acknowledges receipt of a copy of this stipulation.

10. Respondent has been advised by the undersigned counsel concerning this stipulation and these proceedings generally.

Based upon the records, files and proceedings herein, and on the foregoing stipulation of the parties,

IT IS HEREBY ORDERED:

1. That the respondent John P. Fitzgerald, Jr. is hereby publicly reprimanded and suspended from the practice of law for a period of 90 days from January 17, 1985, and placed on probation for three years thereafter pursuant to Rule 15, Minn.R. Law.Prof.Resp.

2. That respondent is further ordered to pay $500 in costs to the Lawyers Professional Responsibility Board pursuant to Rule 25(a), Minn.R.Law.Prof.Resp.

3. The following terms shall be applicable during the entire course of respondent's probation:

a. Respondent shall abide by Minnesota Code of Professional Responsibility (MCPR) or such other rules governing attorney conduct as the Supreme Court may promulgate. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation and of this order.

b. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals except that respondent may use prescription drugs in accordance with directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

c. During the course of the probation, respondent shall regularly attend meetings of Alcoholics Anonymous or other out-patient alcohol treatment program acceptable to the Director.

d. Respondent shall execute such authorizations as may be deemed necessary for the Director to verify respondent's compliance with the terms of the stipulation and

this order including his compliance with treatment provisions or recommendations.

e. For tax years beginning with 1984, respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due. Respondent shall affirmatively report, on or before the due date of each year during which this probation is in effect, his compliance with said filing and payment requirements. In this connection, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

f. Respondent shall enter into a repayment plan agreement acceptable to the I.R.S. with respect to his existing federal tax obligation, make payments as provided in the plan and provide the Director with copies of the plan, evidence of timely payments and such authorizations as the Director may require for verification.

g. Within two weeks from the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly or at such other more frequent intervals as may reasonably be requested by the Director.

h. Respondent shall cooperate during the course of this probation with the supervisor and with the Director's office in their efforts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

i. Respondent shall not engage in the solo practice of law or in any other form of largely unsupervised practice without prior notice to the Director, and furnishing satisfactory proof that he is able to do so.