In the Matter of the Application for the DISCIPLINE OF Brian C. SOUTHWELL, an Attorney at Law of the State of Minnesota.

No. C8-84-1034.

Supreme Court of Minnesota.

Aug. 19, 1985.

## ORDER

In an original petition for discipline, the Director of the Minnesota Lawyers Professional Responsibility Board alleged that respondent had failed to file Minnesota individual income tax returns within the time required by law in the years 1980, 1981, and 1982, and had failed to file United States individual income tax returns within the time required by law for the years 1981 and 1982. He likewise alleged that respondent failed to maintain trust account records for the years 1979 through May 29, 1984, and otherwise failed to maintain required trust account records. Subsequently, the Director filed a supplementary petition alleging that he had inappropriately handled a real estate transaction resulting in defrauding the vendors and creditors of a debtor in the chain of title. Respondent, in essence, admitted the allegations in the initial petition but contested the allegations in the third count of the supplemental petition. This court, by order dated March 6, 1985, referred the matter to the Honorable James E. Preece to serve as referee to report all evidence in the matter. Prior to a hearing before the referee, the respondent and the Director entered into a stipulation for discipline.

The court, having examined the files and records herein, and the stipulation,

IT IS NOW ORDERED:

1. That respondent be suspended from the practice of law for a period of 90 days commencing October 1, 1985, provided that respondent shall not be reinstated unless he has complied with the requirements of this order and the duties of a suspended attorney, including those set forth in Rules 18(e), 24 and 26, Rules of Lawyers Professional Responsibility.

2. Once respondent is reinstated, he shall be on supervised probation for a period of two years. The terms of the probation shall be:

(a) He shall abide by the Rules of Professional Conduct. Furthermore, respondent shall at all times cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation referred to herein and this order.

(b) Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If the respondent fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervi-

sor. Respondent's supervisor shall file a written report with the Director at least quarterly or at such other more frequent intervals as may reasonably be requested by the Director.

(c) Respondent shall cooperate fully with the supervisor and with the Director's office in efforts to monitor compliance with his probation and any investigations of further unprofessional conduct which may arise during the term of the probation.

(d) The supervising attorney shall periodically review respondent's books, records, ledgers and accounts pertaining to his office and trust accounts to ensure compliance with the Rules of Professional Responsibility.

(e) Respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due. Respondent shall affirmatively report on or before the due date of each year during which probation is in effect his compliance with said filing and payment requirements, and upon the Director's request shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that said taxes have been filed and that the taxes due thereon have been paid in full.

(f) Respondent shall maintain books and records concerning law office income and expenses and the funds held on behalf of clients in compliance with the Minnesota Rules of Professional Conduct and LPRB Opinion 9. Such books and records shall, at all times upon reasonable request, be subject to review by the Director and the respondent's supervisor.

3. Prior to September 15, 1985, respondent shall file with this court a written settlement agreement terminating the dispute between Delos and Lillian Hacklander and respondent. Respondent's reinstatement to the practice of law is conditioned upon his filing proof of payment of the settlement amount with the Lawyers Board of Professional Responsibility and with this court.

4. Respondent, within 30 days of the date of this order, shall pay to the Director $500 in costs pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.