In the Matter of the Application for the DISCIPLINE OF Dixon E. JONES, an Attorney at Law of the State of Minnesota.

No. C7–83–1080.

Supreme Court of Minnesota.

March 21, 1986.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Bruce Martin, Senior Asst., St. Paul, for appellant.

Dixon E. Jones, Edina, pro se.

PER CURIAM.

The Director of the Lawyers Professional Responsibility Board (LPRB) filed a petition for revocation of probation and further disciplinary action against respondent, Dixon E. Jones, an attorney licensed to practice law in this state since October 13, 1961. The petition alleges Jones has violated the conditions of probation imposed by this court by failing to timely file and pay taxes and by failing to verify tax compliance, and has committed further unprofessional conduct by misrepresentations to the LPRB. Jones has admitted these charges by failing to answer them.[1] The only issue before us, therefore, is determination of the appropriate discipline to be imposed.

This matter arose in 1983 when charges were issued against Jones for unprofessional conduct, alleging several counts of failure to attend to client matters, failure to communicate with clients, and failure to cooperate with the disciplinary investigation. In March 1983, Jones stipulated with the LPRB to supervised probation subject to certain terms and conditions. At the time of this stipulation, Jones represented to the LPRB that he was then in compliance with current state and federal individual income tax obligations. Jones' problems with clients continued, in violation of

the terms and conditions of the stipulated probation. We publicly reprimanded Jones and placed him on two years public probation as appropriate discipline. *In Re Jones,* 341 N.W.2d 881 (Minn.1984). Among the conditions of the court-imposed probation were the conditions that Jones timely file all tax returns and pay the taxes thereon when due and that he affirmatively verify tax compliance each year to the Director. *Id.* at 882. On October 28, 1985, the Director petitioned this court for revocation of probation and further disciplinary action.

The current petition alleges Jones: 1) filed his 1981 federal individual income tax return, due June 15, 1982, on January 17, 1985 and, as of September 25, 1985, owed $8,801.71 in 1981 taxes plus statutory additions of $648.65; 2) filed his 1982 federal individual income tax return, due in 1983, on January 17, 1985, and, as of September 25, 1985, owed $1,608.17 in 1982 taxes plus statutory additions of $5,256; 3) had not yet verified to the Director that he had filed his 1984 federal individual income tax return, due August 15, 1985; 4) had not filed, as of July 3, 1985, his 1981 Minnesota individual income tax return; 5) filed his 1982 Minnesota individual income tax return, due April 15, 1983, on February 5, 1985; 6) did not make full payment of his 1983 Minnesota individual income tax liability until December 2, 1984; 7) had not yet verified to the Director that he has filed his 1984 state individual income tax return; and 8) misrepresented to the LPRB in the 1983 stipulation for probation that he was then in compliance with all state and federal tax requirements when, in fact, he did not file 1981 and 1982 federal income tax returns until January 17, 1985, and had not yet paid the tax due thereon, nor did he file his 1982 Minnesota individual income tax return until February 5, 1985. This alleged conduct is charged to violate DR 1–102(A)(4), (5) and (6), Minnesota Code of Professional Responsibility (MCPR)[2], and

---

1. Under Rule 13(c), Rules of Lawyers Professional Responsibility (RLPR), if a respondent fails to answer the charges of a petition for

disciplinary action, the allegations of the petition are deemed admitted.

2. DR 1–102(A) provides:

the conditions of Jones' court-imposed probation, and to warrant discipline under the rule of *In Re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). As previously noted, the charges are deemed admitted by Jones' failure to answer them.

We must now determine the sanction to be invoked for respondent's misconduct. In our earlier order of probation, we warned that failure to fulfill the terms of the probation would be grounds for immediate suspension and possibly for other discipline. *Jones*, 341 N.W.2d at 882. Jones' failure to timely file all tax returns and pay the taxes thereon when due and to verify that compliance to the Director violates the terms of the probation imposed by this court. Failure to file tax returns and pay taxes when due is conduct by an attorney that warrants professional discipline, even when it does not violate the terms of a probation. *In Re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). Failure to file income tax returns is a violation of the Code of Professional Responsibility which warrants either suspension or disbarment. *Id.* at 55, 199 N.W.2d at 632. All evidence regarding extenuating circumstances will be considered in determining the extent of disciplinary action to be taken. In *Bunker*, we reserved the alternative of granting probation in future tax misconduct cases, but determined we would impose that lesser sanction only in "the most extreme, extenuating circumstances." *Id.*

The facts of this case do not indicate that such extreme extenuating circumstances caused Jones' failure to timely file returns and pay income tax obligations. Jones appeared before this court for oral argument, and claimed he had, as of that date, filed all tax returns for previous years, but acknowledged he had not paid all taxes due. He stated he was contesting the amount of tax assessed in certain instances. In other instances, he stated he had failed to pay amounts due because of financial inability,

caused in part by an outstanding client obligation. He acknowledged that he has failed to verify tax compliance with the Director, as required by the terms of his probation.

We note that Jones has, apparently, successfully resolved the client matters that led to earlier discipline. We also note, however, this is the third time Jones has faced charges of professional misconduct in as many years. He has twice failed to satisfy the terms and conditions of probation and, on one occasion, misrepresented his tax compliance to the LPRB.

We are guided by prior discipline cases in determining the appropriate sanction to be imposed for professional misconduct. *See, e.g., In Re Serstock*, 316 N.W.2d 559 (Minn.1982). Since *Bunker*, we have most often found suspension the appropriate discipline in tax misconduct cases. *See, e.g., In Re Southwell*, 373 N.W.2d 592, 593 (Minn.1985) (90 days suspension plus 2 years probation); *In Re Fitzgerald*, 366 N.W.2d 262 (Minn.1985) (90 days suspension plus 3 years probation); *In Re Sax*, 321 N.W.2d 902 (Minn.1982) (1 year suspension): *In Re Ojala*, 289 N.W.2d 108 (Minn.1979) (1 year suspension); *In Re Frisbee*, 262 N.W.2d 162 (Minn.1977) (1 year suspension). We have imposed the more severe sanction of disbarment only in a case involving a pattern of serious, varying and repeated professional misconduct. *See In Re Serstock, supra.* Accordingly, we order the following sanctions:

1. Dixon E. Jones is suspended from the practice of law, indefinitely, commencing one week from the date of this judgment;

2. Dixon E. Jones may not apply for reinstatement to the practice of law until at least 90 days have passed from the date of suspension;

3. After at least 90 days have passed, Dixon E. Jones may apply for reinstate-

---

A lawyer shall not:

    \*    \*    \*    \*    \*    \*

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

ment to the practice of law, provided he has met the following conditions:

a. That he has provided evidence to the Director that he has filed all delinquent federal and state individual income tax returns;

b. That he has provided evidence to the Director of all unpaid tax obligations, contested and uncontested;

c. That he has proposed a schedule for payment of tax obligations that has received the Director's written approval;

d. That he has met all other conditions of probation set out in *In re Jones,* 341 N.W.2d 881 (Minn.1984).

4. Compliance with Rule 18(d), RLPR shall not be a condition of reinstatement. It is so ordered.