In the Matter of the Application for the DISCIPLINE OF Kent D. MARSHALL, an Attorney at Law of the State of Minnesota.

No. C0–86–271.

Supreme Court of Minnesota.

Oct. 27, 1986.

## ORDER

Respondent Kent D. Marshall was formerly engaged in the law partnership for the general practice of law with his brother Gary L. Marshall. Following a number of allegations of attorney misconduct in a petition filed by the Director against him, Gary L. Marshall admitted those allegations and was disbarred by order of this court on June 26, 1986. Meanwhile, the Director of Lawyers Professional Responsibility filed a petition against the respondent Kent D. Marshall dated February 4, 1986, and a supplementary petition against him asking for disciplinary action by a petition dated April 9, 1986. Subsequently, and pursuant to a stipulation hereinafter referred to, the Director amended the original petition and supplementary petition to allege in count twelve thereof that resondent's brother and former law partner committed the misconduct alleged in the supplementary petition and count twelve of the February 4 petition, but that respondent failed to take reasonable remedial action to avoid or mitigate the consequences of the misconduct committed by respondent's brother and former law partner in violation of Rule 5.1(c)(2), Minnesota Rules of Professional Conduct (MRPC).

On October 14, 1986, after the matter had been referred to a referee, the Director and the respondent Kent D. Marshall entered into a stipulation. In addition to the foregoing amendment of the original petition and supplementary petition, by the terms of that stipulation the Director dismissed count thirteen of the February 4 petition for disciplinary action. The respondent waived all his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR). He also unconditionally admitted the allegations of the February 4, 1986, petition for disciplinary action and the April 9, 1986, supplementary petition for disciplinary action as amended. Respondent likewise admits that he failed to file federal and Minnesota individual income tax returns for the years 1982, 1983, and 1984. Such failure to file violates DR 1–102(A)(6), Minnesota Code of Professional Responsibility (MCPR), and this court's holding in *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). In addition, respondent admitted that during March 1985, trust account checks totaling in excess of $6,850 were made payable either to respondent's office account or to the law firm payroll account leaving the trust account short $2,171 of funds necessary to cover amounts held on behalf of clients. Similar shortcomings existed in the trust account in April 1985. All fees relating to the shortages were later earned. Moreover, from May 1981 to March 1983 respondent's trust account was overdrawn on 10 different occasions. Likewise, his account books and records for the period October 1982 through February 1986 failed to comply with Amended Opinion No. 9 of the Lawyers Professional Responsibility Board in that subsidiary ledgers were not maintained for all clients with funds held in respondent's trust account; a cash receipts journal was not maintained; a cash disbursement journal was not maintained; and monthly trial balances and reconciliations of the cash balances were not performed. Notwithstanding those inadequacies, the respondent did on July 1, 1982, 1983, 1984, and 1985 falsely certify to this court on its annual registration that he maintained trust account books and records as required by DR 9–103 of the Minnesota Code of Professional Responsibility. Finally respondent failed to take reasonable remedial action to avoid or mitigate the consequences of the misconduct committed by his brother and former law partner which included misappropriation of client funds and use of bankruptcy retainers without bankruptcy court approval. Respondent did, however, obtain a personal loan to

repay funds misappropriated by his brother and former law partner in at least one instance. By the terms of the stipulation, respondent acknowledged that he understands that, based upon his admissions set forth above, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(8), RLPR, including any disposition this court deems to be appropriate. However, the Director and the respondent have joined in recommending to this court that the appropriate discipline is indefinite suspension pursuant to Rule 15, RLPR. Based upon the petition and amended petition in this case and the petition, amended petition, and stipulation in the case of petition for disciplinary action against Gary L. Marshall as well as the stipulation in this case, and being fully advised in the premises,

IT IS ORDERED:

1. The resspondent shall be indefinitely suspended from the practice of law pursuant to Rule 15, RLPR, and shall not be reinstated to the practice of law until he has complied with the requirements imposed by Rule 18, RLPR.

2. The suspension shall become effective on November 16, 1986.

3. The respondent shall fully comply with Rule 26, RLPR.