**In re Petition for DISCIPLINARY ACTION AGAINST David T. ERICKSON, an Attorney at Law of the State of Minnesota.**

No. C1–87–1357.

Supreme Court of Minnesota.

Nov. 17, 1987.

ORDER

AMDAHL, Chief Justice.

The Director of the office of Lawyers Professional Responsibility filed a petition with this court alleging that the respondent, David T. Erickson, failed to timely file state income tax returns for the years 1981 through 1985; that he had failed to timely file federal individual income tax returns for the years 1982 through 1984; and that approximately $425 in state tax liability had not been paid. In the petition the Director alleged that respondent's conduct in failing to file timely state and federal returns violated DR 1–102(A)(5) and (6) and the holding of this court *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). The respondent filed an answer denying the allegations of the petition. Subsequently the Director and respondent entered into a stipulation wherein respondent waived all of his rights under Rule 14 of the Rules of Lawyers Professional Responsibility, waived his right to be represented by counsel, and acknowledged that he was fully advised as to his rights under the Rules of Lawyers Professional Responsibility. In the stipulation the respondent withdrew the answer previously interposed and unconditionally admitted the allegations of the petition. By the terms of the petition, the Director and the respondent joined in representing to this court that the respondent be temporarily suspended from the practice of law and thereafter be placed upon probation upon certain conditions.

The court having considered the petition, the answer and the stipulation of the parties,

NOW ORDERS:

1. From and after ten days from the date of this order the respondent shall be suspended from the practice of law for a period of 30 days.

2. Respondent shall be removed from suspension and placed upon active status subject to probation provided this court enters a written order to that effect. The reinstatement hearing provided in Rule 18(a), (d), RLPR, is hereby waived, but at least 10 days before the expiration of the suspension, the respondent shall file an affidavit with the clerk of appellate courts and with the Director's office establishing that respondent is current with continuing legal education requirements and that he has complied with Rules 24 and 26, RLPR.

3. After reinstatement respondent shall be on probation for a period of four years. The terms of said probation shall be:

(a) Respondent within 90 days from the date of this order shall pay $750 in costs pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility.

(b) Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of this court's order.

(c) Respondent shall file all state and federal income tax returns and pay the taxes thereon as they become due. Respondent shall further affirmatively report on or before the due date of each year during which the probation is in compliance with said filing and payment requirements;

and upon the Director's request, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verifications from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

(d) Respondent shall abide by the Rules of Professional Conduct and shall at all times cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. The respondent's admission of referee's finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation referred to in this order.