**In re Petition for Disciplinary Action against Michael J. BOLEN, an Attorney at Law of the State of Minnesota.**

**No. C1–87–905.**

Supreme Court of Minnesota.

Dec. 9, 1987.

---

### ORDER

By petition filed with this court, the Director of Lawyers Professional Responsibility charged that respondent Michael J. Bolen, a Minnesota lawyer, had failed to timely file state and federal income tax returns for the years 1980 through 1984; that the Minnesota Department of Revenue prepared Commissioner's returns pursuant to statutory authority for the years 1980 through 1983; that substantial state taxes assessed pursuant to 1982 and 1983 commissioner's returns has not been paid; and that respondent's conduct in failing to file timely state and federal returns prior to September 1, 1985, violated DR 1–102(A)(5) and (6) and the holding in *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972), and that respondent's conduct after August 31, 1985, violated Rule 8.4(d), Minnesota Rules of Professional Conduct and the aforesaid holding in *In re Bunker*. Subsequently, the parties entered into a stipulation wherein the respondent, represented by counsel, agreed to dispense with further proceedings under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and agreed to imposition by this court of immediate sanctions under Rule 15, RLPR. In that stipulation respondent likewise waived his rights under Rule 14, RLPR, withdrew his answer, and unconditionally admitted the allegations of the Director contained in the petition. The parties agreed that since the commencement of these proceedings, the respondent has filed his 1984 state and federal tax returns, and, that the returns as filed showed refunds due; that he obtained extensions for filing his 1985 returns until October 1986 and that the returns were filed within that period and he has likewise filed his 1986 returns; that he has filed tax returns for the years 1980, 1981, 1982, and 1983 with both the Minnesota Department of Revenue and the Internal Revenue Service and that each of such returns when filed claimed a refund. The respondent contends further that if the Department of Revenue finally accepts the late-filed returns, the commissioner's returns would have to be amended to show no state tax liability. In further mitigation respondent claims that in 1982 he entered in-patient treatment for alcoholism and has been totally abstinent since that time. From March 1984 through September 1985, respondent was treated by a psychologist for depression and received psychotrophic medication under the care of a psychiatrist. Finally, respondent furnished evidence of an evaluation by a psychiatrist of the University of Minnesota Department of Psychiatry in which there existed no evidence of depression as of September 1987, and that his MMPI indicated all scales within normal limits.

In the stipulation the Director and the respondent join in recommending that the appropriate discipline is a 30–day suspension and four years' probation pursuant to Rule 15, RLPR after which the reinstate-

ment herein provided for in Rule 18(a) through (d), RLPR would be waived. Additionally respondent would be required to successfully complete the professional responsibility portion of the state bar examination within one year of the date of this court's order and pay costs pursuant to Rule 24(d), RLPR within 120 days of this court's order.

The court having examined the files and records herein including the stipulation, NOW ORDERS:

1. The respondent is hereby temporarily suspended from the practice of law for a period of 30 days.

2. Upon his reinstatement he shall be on probation pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

3. The reinstatement hearing provided for in Rule 18(a) through (d), Rules on Lawyers Professional Responsibility, is hereby waived.

4. The respondent shall be required to successfully complete the professional responsibility portion of the state bar examination within one year from the date of this order.

5. The respondent shall pay $750 in costs pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility, to the office of the Director within 120 days of this court's order.

6. Respondent shall be reinstated upon the court's written order following the expiration of the 30-day suspension. At least 10 days before the expiration of the suspension, respondent shall file an affidavit with the clerk of appellate courts and the Director's office establishing that respondent is current with Continuing Legal Education, has complied with Rule 26, Rules on Lawyers Professional Responsibility, and has satisfactorily completed any other conditions imposed by the court in this order.

7. Upon reinstatement, respondent shall be on public probation for a period of four years, the terms of the probation shall be:

(a) Respondent shall timely file all state and federal returns and pay the taxes thereon as they become due and shall affirmatively report on or before the due date of each year during which the probation is in effect his compliance with said filing and payment requirements, and further upon the Director's request, shall provide the Director with tax authorization necessary for the Director to obtain verification from state and federal authorities that said taxes have been filed and the taxes due thereon have been paid in full.

(b) Respondent shall abide by the Rules of Professional Conduct and shall at all times cooperate with the Director's investigation of any allegation of unprofessional conduct which have or may come to the Director's attention. The respondent's admission or a referee's finding of further unprofessional conduct shall constitute conclusive evidence of a breach of a stipulation referred to herein and this order.