In re Petition for DISCIPLINARY AC-
TION AGAINST William F. ORME, an
Attorney at Law of the State of Minne-
sota.

No. C3-87-2509.

Supreme Court of Minnesota.

Jan. 15, 1988.

---

**AMENDED ORDER**

AMDAHL, Chief Justice.

The Director of Lawyers Professional Responsibility filed with this court a petition in which it was alleged that the respondent William F. Orme had failed to timely file income tax returns and pay taxes owing in violation of disciplinary rules DR 1–102(A)(5) and (6), Minnesota Code of Professional Responsibility (MCPR), and this court's holding in *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972), as well, after August 31, 1985, as violating Rule 8.4(d) of the Minnesota Rules of Professional Conduct. Contemporaneous with the filing of the petition there has been filed with this court a stipulation entered into between the Director and the respondent, represented by counsel, wherein the respondent agreed to waive his rights under Rule 10(a), Rules of Lawyers Professional Responsibility (RLPR), under Rule 9, RLPR, and under Rule 14, RLPR. Furthermore, the respondent waived his right to answer and unconditionally admitted the allegations of the petition which, as indicated, involved fail-

---

ure to file income tax returns timely for the years 1982, 1983, and 1984. The respondent explains his failure that indeed he had filed the returns a bit late prior to the institution of this investigation by the Lawyers Professional Responsibility Board and that he has paid all state and federal taxes due for the years 1982 through 1984 including penalties and interest and finally that he has timely filed his 1985 and 1986 state and federal returns and paid the taxes thereon. Based upon this stipulation, the Director has recommended to this court a short suspension followed by a probationary period.

The court having considered the petition and the stipulation NOW ORDERS:

1. The respondent William F. Orme is temporarily suspended for a period of 30 days from the practice of law.

2. The respondent shall pay to the office of the Director of Lawyers Professional Responsibility the sum of $750 in costs pursuant to 24(a) RLPR.

3. The respondent shall be in a probationary status after completion of his suspension. The probationary status will end upon the timely filing of respondent's 1988 tax returns.

4. In the interim, the respondent shall successfully complete the professional responsibility portion of the Minnesota State Bar Examination within one year from the date of this amended order.

5. That the reinstatement hearing provided for in Rule 18(a)—(d), RLPR, is hereby waived. Respondent will be reinstated by the court's written order following the expiration of suspension provided that at least 10 days before the expiration of the suspension, respondent files an affidavit with the Clerk of Appellate Courts and the Director's office establishing that respondent is concurrent with continuing legal education; has complied with Rules 24 and 26, RLPR, and has satisfactorily completed any other conditions imposed by this court in this amended order.

6. The terms of respondent's probation are:

(a) He shall timely file his 1987 and 1988 state and federal returns and pay any taxes thereon as they become due;

(b) He shall affirmatively report on or before the tax filing due date of each year during which the probation is in effect his compliance with the tax laws; and

(c) Respondent shall provide authorizations at the Director's request to verify his timely filing of returns and payment of taxes.