**In re Petition for DISCIPLINARY AC-TION AGAINST Robert MUNNS, an Attorney at Law of the State of Minnesota.**

No. C8–87–691.

Supreme Court of Minnesota.

Aug. 12, 1988.

William J. Wernz, Kenneth L. Jorgenson, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

Theodore J. Collins, Dan O'Connell, St. Paul, for respondent.

PER CURIAM.

A Petition for Disciplinary Action was brought against Respondent Robert Munns by the Director of the Office of Lawyers Professional Responsibility (Director). The referee who heard the matter recommended that respondent be suspended for three years with the suspension stayed subject to certain conditions. We order suspension for two years, stayed, following completion of a 30–day suspension, upon conditions set forth herein.

Respondent was admitted to practice law in Minnesota in 1962. In April, 1987, the Director filed a petition with this court, alleging that respondent failed to timely file state and federal income tax returns for the years 1981, 1982, 1983, 1984, and 1985.

Following a hearing, the referee found as a fact that respondent failed to timely file his state and federal income tax returns for the years 1981, 1982, 1983, 1984 and 1985. Although the returns were filed in 1987, the referee found that respondent's unpaid tax liability for the 1981–1985 tax years was in excess of $12,000.

Respondent testified that his failure to file his income tax returns was related to his marriage dissolution, which was commenced in 1983 and finalized in 1985. He testified that he failed to file the income tax returns because he could not afford to pay the tax and feared that tax liens would result in the loss of his homestead which he intended his wife and children to obtain in the dissolution.

Respondent's psychotherapist, Dr. C. Thomas Anderson, testified that respondent suffered from a dysthymic disorder, a form of depression characterized by low energy for work, feelings of inadequacy, loss of self-esteem or self-deprecation, a pessimistic attitude toward the future, inability to respond to apparent pleasure or to praise or rewards and recurring thoughts of suicide. Dr. Anderson testified that respondent's depression, which had its roots in childhood, was triggered by intense feelings of guilt over the dissolution of his marriage. Dr. Anderson was of the opinion that respondent's failure to pay his taxes was a manifestation of this depression.

During his 24-year career, respondent has been active in the Anoka County Bar Association, the Jaycees, and Judicare of Anoka. Several persons, including former clients, a former law partner and an Anoka County District Court Judge, testified that respondent is a competent and honest attorney. Respondent has, however, previously received a private warning and two private admonitions for neglect of client matters.

Following the hearing, the referee concluded that respondent's failure to file income tax returns for the years 1981, 1982, 1983, 1984 and 1985 constitutes serious misconduct and would normally warrant suspension, but found that respondent's pattern of misconduct had been arrested by psychiatric treatment and, with continued treatment and appropriate after-care, is not likely to recur. The referee concluded that a lesser sanction was appropriate due to respondent's psychological illness, age, reputation, professional capabilities, and the circumstances surrounding his marriage

dissolution. Respondent's illness was found to be a major cause of the misconduct. The referee recommended that respondent be suspended for 3 years, with suspension stayed upon certain conditions.

The director ordered a transcript pursuant to Rule 14, Rules on Lawyers Professional Responsibility. The director agrees that respondent's misconduct warrants suspension but disputes the referee's conclusion that respondent's psychological problem constitutes a mitigating factor justifying a sanction less than suspension.

We place great weight upon the referee's recommendation, but the final responsibility for determining appropriate discipline rests solely with this court. *In re Pearson*, 352 N.W.2d 415, 419 (Minn. 1984). To determine the discipline, the court must weigh the nature of the misconduct, the cumulative weight of the disciplinary rule violation, the harm to the public, and the harm to the legal profession. *In re Agnew*, 311 N.W.2d 869, 872 (Minn.1981).

Failure to file income tax returns violates a lawyer's oath of office, the Minnesota Code of Professional Responsibility, and the Minnesota Rules of Professional Conduct. *In re Bunker*, 294 Minn. 47, 50, 199 N.W.2d 628, 620 (1972); *In re Johnson*, 414 N.W.2d 199, 201 (Minn.1987). In *Bunker* we stated:

> * * * it should be noted that for violations occurring hereafter, the discipline will consist of either suspension or disbarment. The alternative of granting probation is still reserved by this court in the future, but it will be allowed in only the most extreme, extenuating circumstances * * *.

294 Minn. at 55, 199 N.W.2d at 632.

On numerous occasions, we have imposed the sanction of suspension for failure to file income tax returns. For example, in *In re Erickson*, 415 N.W.2d 670 (Minn. 1987), we imposed the sanction of a 30-day suspension where the attorney failed to file income tax returns for five years. *See also, In re Orme*, 418 N.W.2d 161 (Minn. 1988); *In re Bolen*, 416 N.W.2d 449 (Minn. 1987). Where failure to file income tax

returns has occurred with other misconduct, lengthy or indefinite suspension has resulted. *See, e.g., In re Shaw*, 396 N.W. 2d 573 (Minn.1986); *In re Jones*, 383 N.W. 2d 686 (Minn.1986).

■ In light of our previous holdings, respondent's misconduct, standing alone, warrants suspension. The referee found, however, that the severity of the misconduct is mitigated by psychological problems. Where a respondent attorney raises psychological disability as a mitigating factor, the attorney must prove the existence of a severe psychological problem, that the psychological problem was the cause of the misconduct, that the attorney is undergoing treatment and making progress to recover from the psychological problem, that the recovery has arrested the misconduct, and that the misconduct is not apt to recur. The attorney must establish these criteria by clear and convincing evidence. *In re Weyhrich*, 339 N.W.2d 274, 279 (Minn.1983).

■ The director concedes that respondent suffers from a psychological disorder, but argues that he has failed to prove by clear and convincing evidence that the disorder is severe and that it was the cause of the misconduct. Our review of the record brings us to a different conclusion.

The separation and dissolution of respondent's marriage spanned the years 1982–1985. His drastic behavior in relation to his marriage dissolution reveals the severity of his disorder. Representing himself in the dissolution, respondent entered into a decree which obligated him to pay support payments of $1,900 per month, despite yearly earnings of only $9,251 to $23,664 in the years 1981–85. In addition, respondent accepted as a total property settlement a 1972 Oldsmobile with over 200,000 miles, a seaman's chest worth approximately $50.00, a camper and camping equipment. The person with whom respondent lived following his separation from his wife testified that respondent slept on the floor in a sleeping bag because he could not afford a bed. Respondent's actions reflect a pattern of self-destructive behavior consistent with Dr. Anderson's diagnosis of depression.

Moreover, respondent's drastic behavior in relation to his marriage dissolution is consistent with his explanation for his failure to file his income tax returns. He testified that he failed to file his tax returns for fear that tax liens would result in the loss of his homestead which he intended his wife and children to obtain following the dissolution. Dr. Anderson testified that respondent's failure to file his tax returns was an additional manifestation of his self-destructive behavior triggered by the depression. Dr. Anderson characterized respondent's failure to file his tax returns as a "career suicide gesture" brought about by guilt over his divorce.

Munn's failure to file income tax returns for five years constitutes serious misconduct. *See In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). We find, however, that the record contains sufficient evidence to support the referee's finding that respondent's misconduct was caused by a severe psychological disorder. Accordingly, we order:

1) That respondent Robert Munns is hereby suspended from the practice of law in the State of Minnesota for two years, commencing one week from the date of this order;

2) That execution of this suspension shall be stayed subject to the following conditions:

a) Respondent shall complete a 30–day suspension from the practice of law;

b) Respondent shall timely file his federal and state income tax returns for all tax years commencing with the year 1987. He shall report compliance with this provision to the Director each year, for the next five years, in writing, on or before the due date, and upon the request of the Director shall provide to the Director such release(s) as may be appropriate to permit the Director to obtain verification from the tax authorities;

c) Respondent shall enter into repayment plans with the Minnesota Department of Revenue and the Internal Revenue Service, with respect to tax arrearages, interest and penalties for the

tax year 1986 and all prior years. Respondent shall furnish the Director with copies of each such plan, and shall report, at appropriate times, his compliance therewith. Respondent shall provide to the Director such release(s) as may be appropriate to obtain verification.

d) Respondent shall remain in his current psychotherapy treatment program, or in an approved equivalent thereof, until the same has been completed. He shall thereafter comply with all terms and conditions of any after-care program prescribed for him as a part of his discharge summary. At any time, upon the request of the Director, respondent shall provide information with respect to the stage of his treatment, and the resource or resources being utilized for it.

e) Respondent shall pay costs of $750 to the Director within 90 days of the date of this order.

f) Respondent shall at all times abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention.

So ordered.