IN RE APPLICATION FOR DISCIPLINE OF
JAMES E. BUNKER.

199 N. W. 2d 628.

June 30, 1972—No. 43487.

---

48

*R. B. Reavill*, Administrative Director on Professional Conduct, for petitioner.

*Joseph J. Dudley*, for respondent.

PER CURIAM.

This matter is before the court upon the petition of the administrative director on professional conduct, at the direction of the State Board of Professional Responsibility, for the discipline of James E. Bunker, an attorney at law of the State of Minnesota.

Mr. Bunker failed to file state and Federal income tax returns for a number of years and pled guilty in Federal court to an indictment charging him with wilfully and knowingly failing to make a Federal income tax return for the year 1966. A similar indictment for the tax year 1965 was dismissed, and the respondent was placed on probation for 3 years and fined $2,500 in lieu of imposition of a prison sentence. A petition and accusation having been served on respondent after his conviction, a hearing was held before a panel of the Board of Professional Responsibility. A transcript of those proceedings, together with the report of the presentence investigation by the probation officer for the United States District Court and a stipulation between the parties hereto waiving reference of this matter to a referee, waiving filing of printed briefs, and agreeing to submission of the matter upon oral arguments, was filed with this court. The Board of Professional Responsibility made no recommendations. We hold that probation will be permitted in this case.

Respondent, James E. Bunker, was admitted to practice law in the State of Minnesota on October 14, 1952, and has practiced law in this state since then, except for the years 1959 to 1964, during which time he practiced law in the State of Iowa. Respondent has paid his registration fees required by the Rules of the Supreme Court for the registration of attorneys for the year

1971 and preceeding years. The record indicates that respondent failed to file Federal income tax returns for the years 1956, 1957, 1958, 1964, 1965, and 1966; that he failed to file Minnesota state income tax returns for the years 1957, 1958, 1959, 1964, 1965, 1966, and 1967; and that he failed to file income tax returns in the State of Iowa for the years 1959 to 1964.

Respondent was indicted by a Federal grand jury on two counts of failure to file Federal income tax returns for the years 1965 and 1966 in violation of 26 USCA, § 7203, a misdemeanor offense carrying a maximum sentence on each count of 1 year in jail or a fine of not more than $10,000, or both. Respondent pled guilty to the charge of failing to file a return for the calendar year 1966, and the charge of failure to file for the calendar year 1965 was dismissed by the United States District Attorney. Imposition of a prison sentence was suspended by the Federal court, and respondent was placed on probation for a period of 3 years and fined $2,500, which fine has been paid. The respondent has made arrangements with both the Federal and the Minnesota state governments for repayment of his tax liabilities. The obligations to the State of Iowa have been paid. In addition, the respondent was suspended from practice before the United States District Court for the District of Minnesota for a period of 5 years, commencing October 27, 1970, with permission to petition for reinstatement at any time after his release from probation.

The petition contains a reference to alleged unprofessional conduct occurring in the spring of 1958. The record before this court regarding that misconduct is so incomplete that we decline to consider it in disposing of this matter.

■ This matter is the first failure-to-file-tax-returns proceeding presented to this court by the Board of Professional Responsibility. In past years these matters have been treated as misdemeanor violations not involving moral turpitude unless connected with other matters or involving fraudulent tax returns. In re Disbarment of Diesen, 173 Minn. 297, 215 N. W. 427, 217

N. W. 356 (1927, 1928) ; In re Disbarment of Williams, 221 Minn. 554, 23 N. W. 2d 4 (1946). A collection and comparison of various other decisions involving this question appear in Annotation, 59 A. L. R. 2d 1398.

In order to facilitate the functioning of the State Board of Professional Responsibility, we herewith set forth the disciplinary measures this court intends to follow in future references involving attorneys who fail to properly file their income tax returns. At the outset, it must be observed that no general rule can be adopted which will apply to each individual case. However, certain general principles can be enunciated which will still allow this court discretion as to individual circumstances.

The lawyer in our society occupies a unique role. He provides the average citizen with the means of regulating his own affairs so as to conform to the laws imposed upon citizens by the representative form of government. In addition, the lawyer provides leadership in formulating the laws and regulations by which we all live. At the time of his admission to practice in this state, each lawyer takes an oath to support the laws of the state and the nation.[1] There is no law of the state or nation which so uniformly affects every citizen as the income tax regulations. Income tax regulations and collection of these taxes form an integral part of our government system since they insure the revenues necessary to carry out the operation of the government. Any violation of the income tax laws represents a threat to the ability of our governmental units to function, whether such action is done with corrupt intent or not. In the case of a lawyer, it most certainly represents a clear violation of his oath to uphold the Constitution and the laws of the United States and the State of Minnesota.

---

[1] "You do swear that you will support the constitution of the United States and that of the State of Minnesota, and will conduct yourself as an attorney and counselor at law in an upright and courteous manner, to the best of your learning and ability, with all good fidelity as well to the court as to the client, and that you will use no falsehood or deceit, nor delay any person's cause for lucre or malice. So help you God."

The lawyer in the practice of his profession achieves recognition within his community and is looked to as a leader. This position of leadership and respect is cherished by all honorable practicing attorneys. In order to maintain this position, the American Bar Association, representing lawyers throughout the United States, has adopted Canons of Professional Ethics, recently revised as a Code of Professional Responsibility. By order of this court, that code and its revisions and modifications have been adopted as the standard for lawyers practicing in the State of Minnesota.[2] Canon 29 of the Canons of Professional Ethics, which was in effect until 1970, provided:

"Lawyers should expose without fear or favor before the proper tribunals corrupt or dishonest conduct in the profession, and should accept without hesitation employment against a member of the Bar who has wronged his client. The counsel upon the trial of a cause in which perjury has been committed owe it to the profession and to the public to bring the matter to the knowledge of the prosecuting authorities. The lawyer should aid in guarding the Bar against the admission to the profession of candidates unfit or unqualified because deficient in either moral character or education. He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."[3]

---

[2] The Canons of Professional Ethics were adopted by this state on May 2, 1955 (241 Minn. xvii), and the Code of Professional Responsibility on August 4, 1970 (286 Minn. ix).

[3] This Canon was replaced in part by Ethical Consideration EC 9.6, Code of Professional Responsibility, which provides: "Every lawyer owes a solemn duty to uphold the integrity and honor of his profession; to encourage respect for the law and for the courts and the judges thereof; to observe the Code of Professional Responsibility; to act as a member of a learned profession, one dedicated to public service; to cooperate with his brother lawyers in supporting the organized bar through the devoting of his time, efforts, and financial support as his professional standing and ability reasonably permit; to conduct himself so as to reflect credit on the legal profession and to inspire the confi-

The failure of the lawyer to properly file his income tax returns clearly violates this standard. While one could express sympathy for the embarrassment and publicity received by the individual lawyer by reason of a Federal indictment or state prosecution for failure to file, of deeper concern is the injury to all lawyers by the failure of one to properly maintain the degree of professional propriety that reflects the integrity and honor of his profession.

In addition to the above, Canon 32, Canons of Professional Ethics, which was in force during the period of these occurrences, provides in part as follows:

"* * * He must also observe and advise his client to observe the statute law, though until a statute shall have been construed and interpreted by competent adjudication, he is free and is entitled to advise as to its validity and as to what he conscientiously believes to be its just meaning and extent."

In State v. Roggensack, 19 Wis. 2d 38, 45, 119 N. W. 2d 412, 416 (1963), disciplinary proceedings for failure to file income tax returns, the Wisconsin court commented:

"The intentional violation of the tax laws is also a violation of Canon 32 of the Canons of Professional Ethics of the American Bar Association. Governments cannot operate effectively unless their revenue laws are obeyed. Such a violation of the tax laws by an attorney is a matter of serious concern because he necessarily must advise clients with respect to their obeyance of such laws. Furthermore, the legal profession is one which is peculiarly charged with the administration of our laws and therefore it is incumbent upon lawyers to set an example for others in observing the law. The intentional failure to file income-tax returns evinces an attitude on the part of the attorney of placing himself above the law. Such an attitude does not befit

---

dence, respect, and trust of his clients and of the public; and to strive to avoid not only professional impropriety but also the appearance of impropriety."

a lawyer. As Mr. Justice Bradley aptly stated many years ago in Ex parte Wall (1882), 107 U. S. 265, 274, 2 Sup. Ct. 569, 27 L. Ed. 552:

" 'Of all classes and professions, the lawyer is the most sacredly bound to uphold the laws. He is their sworn servant; and for him, of all men in the world, to repudiate and override the laws, * * * argues recreancy to his position and office, and sets a pernicious example to the insubordinate and dangerous elements of the body politic. It manifests a want of fidelity to the system of lawful government which he has sworn to uphold and preserve.'

"Canon 29 of the Canons of Professional Ethics of the American Bar Association states that a lawyer 'should strive at all times to uphold the honor and to maintain the dignity of the profession * * *.'

"We do not wish to imply that every violation of law by an attorney will subject him to discipline. As a general rule, before such violation will be a ground for discipline it must entail moral turpitude as defined in State v. McCarthy (1949), 255 Wis. 234, 249, 38 N. W. (2d) 679. Nevertheless, we deem intentional violation of the tax laws, even though without intent to defraud the government, an exception to this general rule because in our opinion such intentional violation constitutes unprofessional conduct."

Thus, the Wisconsin court sought to create an exception to the general rule that disbarment proceedings must involve moral turpitude. The dissent in that case raised the question of whether the court can discipline an attorney unless unprofessional conduct or moral turpitude is involved. We will not seek to create an exception or attempt to distinguish a failure-to-file-income-tax-returns proceeding on the question of moral turpitude. Rather, we hold that the failure to file income tax returns represents a violation of a lawyer's oath of office and further represents a

violation of the Code of Professional Responsibility, and that it will be the subject of disciplinary proceedings.

Of particular application is Canon 1, Code of Professional Responsibility, which provides that a lawyer should assist in maintaining the integrity and competence of the legal profession. Under this Canon, Ethical Consideration EC 1-5 provides as follows:

"A lawyer should maintain high standards of professional conduct and should encourage fellow lawyers to do likewise. He should be temperate and dignified, and he should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies respect for law. To lawyers especially, respect for the law should be more than a platitude."

In addition, Disciplinary Rule DR 1-102 provides:

"(A)   A lawyer shall not:

"(1)   Violate a Disciplinary Rule.

"(2)   Circumvent a Disciplinary Rule through actions of another.

"(3)   Engage in illegal conduct involving moral turpitude.

"(4)   Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5)   Engage in conduct that is prejudicial to the administration of justice.

"(6)   Engage in any other conduct that adversely reflects on his fitness to practice law."

The preliminary statement to the Code of Professional Responsibility provides in part:

"The Disciplinary Rules, unlike the Ethical Considerations, are mandatory in character. The Disciplinary Rules state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action."

■ This court will consider all evidence regarding extenuating circumstances in considering the extent of disciplinary action to be taken. Lawyers in this state should henceforth understand clearly that the type of violation under consideration here is the proper subject of consideration by the Board of Professional Responsibility and this court, and that disciplinary proceedings are mandatory in all cases of failure to file income tax returns.

There remains for consideration the extent of disciplinary action to be taken in this case. "The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the profession, and the public." Application of Smith for Reinstatement, 220 Minn. 197, 199, 19 N. W. 2d 324, 325 (1945).

Counsel for respondent in his argument to the court points out the practice of the Bar Association in recommending only probationary disciplinary action in such cases as we are now considering. In recognition of this past practice, this court will impose only probationary discipline upon the respondent. However, it should be noted that for violations occurring hereafter, the discipline will consist of either suspension or disbarment. The alternative of granting probation is still reserved by this court in the future, but it will be allowed in only the most extreme, extenuating circumstances, and absent such extreme, extenuating circumstances, the only issue for consideration upon such disciplinary proceedings will be the determination of whether to disbar or suspend the lawyer who is guilty of such a violation.

Respondent is placed on probation for a period of 3 years upon the condition that he fulfill all of his obligations to the United States Government and the State of Minnesota for repayment of delinquent taxes. If, however, his obligations to the United States Government and the State of Minnesota are not paid in full at the end of said period, his probationary period will continue until such time as said obligations have been paid in full.

Mr. Justice Peterson took no part in the consideration or decision of this matter.

Mr. Justice MacLaughlin, not having been a member of this court at the time of argument and submission, took no part in the consideration or decision of this matter.