**In the Matter of the Application for the Discipline of Roger Donald SAX, an Attorney at Law of the State of Minnesota.**

No. 81–4.

Supreme Court of Minnesota.

July 16, 1982.

---

Michael J. Hoover, Director, and William J. Wernz, Atty., Lawyers Professional Responsibility Board, St. Paul, for appellant.

Fred Allen, Minneapolis, for respondent.

PER CURIAM.

This matter comes before the court on a petition for the discipline of respondent, Roger D. Sax, brought by the Director of Lawyers Professional Responsibility. The court appointed the Honorable Marquis L. Ward as referee. After a hearing, the referee filed his findings of fact and conclusions, and recommended one year of suspension with readmission on certain conditions.

Respondent was admitted to the practice of law in Minnesota in 1964 and practices in St. Paul. He also works as a real estate broker and is the chief executive officer of a manufacturing company in New Brighton.

The facts involving delinquent taxes are undisputed. Respondent did not file his Minnesota individual income tax returns for the years 1970–73 and 1975–78 until January 30, 1980. For the years 1968 and 1974, respondent filed his Minnesota income tax returns but failed to make timely payments.

On February 7, 1980, respondent pleaded guilty to one count of failure to file a Minnesota income tax return. Sentence was stayed on the condition that respondent pay all back taxes and penalties and promptly file state and federal tax returns as they came due. On February 26, 1981, respondent received a letter threatening to revoke the stay unless all payments were made by March 15, 1981. Respondent then paid his tax liabilities in full on March 13, 1981.

Respondent does not contest the conclusion of the referee that respondent's failure to file and pay in a timely manner his Minnesota income taxes for 1968 and 1970–78 constituted violations of DR 1–102(A)(1) and DR 1–102(A)(6) of the Minnesota Code of Professional Responsibility. In *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972), we stated that the appropriate discipline for failing to file income tax returns is either suspension or disbarment. Respondent claims, however, that he comes within the exception recognized in *Bunker* of "extreme, extenuating circumstances," *id.* at 55, 199 N.W.2d at 632, for which probation is the appropriate sanction.

Respondent claims extreme extenuating circumstances in that his difficulties were caused by alcoholism, now arrested. The record reveals that respondent has been an alcoholic throughout the time in question. He drank very heavily until February 10, 1980. Since then he has abstained, and has been active in Alcoholics Anonymous and Lawyers Concerned for Lawyers.

We agree with the conclusion of the referee that although respondent's alcoholism was a serious detrimental factor in his life and contributed to his violations, his misconduct has continued even after he has stopped drinking, and therefore the extenuating circumstances contemplated in *Bunker* are not present. Respondent did not satisfy his federal tax liabilities for 1979 until July 1981 when the Internal Revenue Service garnished his personal bank account. Respondent did not file his 1980 federal tax returns within the maximum extension period permitted by law. Re-

spondent has sought additional time within which to file his 1981 tax returns.

Under these circumstances, where the tax delinquencies have continued even after the initiation of disciplinary proceedings and after a criminal conviction, we find suspension to be appropriate. Following the recommendation of the referee, we hereby indefinitely suspend respondent from the practice of law in this state. At any time after July 1, 1983, respondent may petition for reinstatement upon the conditions as recommended by the referee:

That Respondent's readmission to the practice of law be conditioned upon his furnishing proof to the appropriate authority that he has successfully completed a program of primary treatment for alcoholism, that he has taken valid action to deal with his problem of procrastination and recalcitrance in adapting to requirements of authority within his profession, that he continues to file income tax returns and pay tax on a timely basis, and that he remains active in AA and LCL.

Respondent would also be obliged to comply with the requirements for reinstatement set out in Rule 18 of our Rules on Lawyers Professional Responsibility.