In re Petition for DISCIPLINARY AC-
TION AGAINST Harold R. WINGERD,
an Attorney at Law of the State of
Minnesota.

No. C3–87–1683.

Supreme Court of Minnesota.

March 10, 1988.

## ORDER

The Director of Lawyers Professional Responsibility filed a petition with this court alleging that the respondent by failing to timely file state income tax returns for the years 1981 through 1985 had been guilty of conduct justifying the imposition of disciplinary sanctions. Following the interposition of an answer by the respondent, the matter was referred to the Honorable Harlan L. Nelson as referee. The referee essentially found that the allegations of the complaint had been proved and that respondent had failed to timely file his Minnesota state income tax returns for the years in question. He further found that such failure constituted serious professional misconduct in violation of DR 1–102(A)(5) and (6), Minnesota Code of Professional Reponsibility, and after September 1, 1985, in violation of Rules 8.4(b) and (d), Minnesota Rules of Professional Conduct as well as

this court's holding in *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (Minn.1972). Although recognizing that during this period of time the respondent had been suffering from despondency and depression primarily arising from personal and family problems, the depression was not a productive cause of his failure to file timely returns. However the referee also found that while all of those problems did not excuse the failure to file, they could be considered in mitigation to justify sanctions less severe than indeterminate suspension. He recommended to this court that the respondent be suspended for a period of 60 days but that the execution of such suspension be stayed and that respondent be placed on probation for a three-year period upon certain terms and conditions. Subsequent to the filing of the referee's report, the Director and the respondent entered into a stipulation wherein each waived all rights to contest the referee's findings of fact, conclusions and recommendations, and both joined in recommending to this court that the referee's recommendations be fully implemented. Based upon the petition, the answer, the findings of fact, conclusions of law and recommendation of the referee as well as the stipulation of the parties,

IT IS NOW ORDERED:

1. The respondent Harold R. Wingerd is hereby suspended for the practice of law for a period of 60 days provided, however, that execution of this suspension shall be stayed for a period of three years from the date of this order during which time the respondent shall be and remain on probation subject to the following conditions:

(a) He shall at all times abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may have or may come to the Director's attention.

(b) He shall remain on probation until such time as he has provided evidence to the Director and to this court that he has timely filed his 1987, 1988, 1989, and 1990 state and federal income tax returns.

(c) Respondent shall affirmatively report to the Director on or before the tax filing due date of each year of his compliance with both the federal and state income tax laws.

(d) Upon the Director's request, the respondent shall provide to the Director tax authorizations necessary to obtain verification from state and federal authorities that tax returns had been timely filed.

(e) Costs of $750 will be paid by the respondent to the Director within 90 days of the date of this order.

(f) Respondent shall continue his psychotherapy treatments and shall comply with all recommendations made by his psychologist.

(g) Respondent will complete the professional responsibility portion of the multi-state bar examination within one year from the date of this order. Failure to successfully complete the exam within that year shall entitle the Director to move the court for an order immediately suspending the stay of probation until the requirement has been fulfilled.

(h) Respondent shall provide 50 hours of free legal services to a legal services program approved by the Director during each year this probation is in effect.