**In Re the Matter of the Application for DISCIPLINE OF Marlon O. HAUGEN, an Attorney at Law, of the State of Minnesota.**

No. C6–85–1544.

Supreme Court of Minnesota.

July 15, 1988.

PER CURIAM.

The respondent attorney, Marlon O. Haugen, was publicly reprimanded and placed on 2 years supervised probation in September 1985 for failure to comply with discovery orders, neglect of client matters and failure to respond to probate court orders. *In re Haugen*, 373 N.W.2d 600 (Minn.1985). A private admonition followed in May 1986, for his failure to properly account to a client for trust funds. The Lawyers Pro-

fessional Responsibility Board petitions this court to revoke the probation and for further disciplinary action. The probationary period has now expired, we impose a suspension for 60 days and probation thereafter.

Upon petition of the Lawyers Professional Responsibility Board, the referee considered three areas of claimed violations of disciplinary standards. The first centers upon respondent's failure to timely file his 1981, 1982 and 1985 state income tax returns. The record discloses that with regard to the 1981 and 1982 returns, no extensions for filing were obtained and communications from the Department of Revenue were ignored. While respondent claims that he had relied upon his accountant to prepare and timely file the returns, he also testified that he was reluctant to file the returns because of the substantial amount of taxes due at a time when he was without sufficient funds to make immediate payment of his liability. The referee concluded that this conduct violated DR 1–102(A)(5) and (6) as well as this court's holding in *In re Bunker* 294 Minn. 47, 199 N.W.2d 628 (1972).

We agree with the referee and reject the respondent's claim that the *Bunker* decision is distinguishable because the late filing was not intentional or the result of neglect. *See In re Knutson,* 405 N.W. 2d 234, 237 (Minn.1987). Moreover, while respondent's reliance upon the accountant to timely file the tax returns may go toward mitigation of discipline, it is not a defense to the claimed violation. *See In re Piper,* 387 N.W.2d 882 (Minn.1986).

The referee then examined the claimed late filing of the 1985 state income tax return. Apparently the return was completed and ready for filing in a timely fashion but was not actually filed until September 8, 1986, 3 weeks after the expiration of the extension. The referee concluded that the delay in filing the return similarly violated the rule enunciated in *In re Bunker,* 294 Minn. 47, 199 N.W.2d 628

(1972), as well as the terms of the respondent's probation. While we are persuaded from the record that respondent was not attempting to evade his tax obligations, we conclude that particularly because of his existing probationary status, the respondent should have taken greater steps to assure compliance with any obligations imposed on him in his capacity as a lawyer, including compliance with state tax laws.

The next area of inquiry by the referee was with regard to respondent's representation of defendants in a personal injury action. The complaint contained 61 paragraphs including four factual allegations concerning two unlawful detainer actions previously commenced by respondents' clients against the plaintiff. The answer drafted and signed by the respondent denied the allegations even though the documents filed in the two unlawful detainer actions were attached to the original complaint and were known to the respondent. Respondents claim that his repeated denial of the factual allegations was done in good faith and in representation of his clients. The referee labeled the conduct "inexcusable", stating that there could be "no question that the respondent knew the answers were false." The record supports that determination by the referee and discipline is warranted.

The final claimed violation is respondent's failure to pay a court reporter for the preparation of a transcript in connection with an appeal of a workers' compensation decision. While the respondent was paid by opposing counsel following a settlement, no portion of the funds was used to pay the court reporter and, in March 1986, the reporter obtained a judgment against the respondent. Although the respondent testified that he had made a minimal payment toward the judgment and intends to pay the remainder, the referee concluded that the conduct violated MRPC 8.4(d) as well as the terms of his probation. The record now establishes that the judgment has been paid and we make no formal determination as to any discipline warranted for the apparent impropriety.

We conclude that the cumulative effect of these violations of disciplinary standards, particularly in view of respondent's earlier disciplinary violations and probation, warrants suspension from the practice of law. We therefore impose the following discipline:

1. Commencing 10 days from the date of issuance of this opinion the respondent is suspended from the practice of law for a period of 60 days pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. Respondent's reinstatement to the practice of law shall be conditioned upon timely compliance with the requirements of Rule 26, Rules on Lawyers Professional Responsibility. At least 15 days before expiration of the suspension period respondent shall file with the clerk of the appellate courts and the Director an affidavit verifying his compliance with Rule 26. He shall then be reinstated by written order of the court unless timely objection is filed by the Director. The requirements of Rule 18, Rules on Lawyers Professional Responsibility shall not be a condition of reinstatement.

3. Following reinstatement the respondent shall be on probation for a period of 2 years, upon the condition that he shall timely file all state and federal income tax returns and affirmatively report to the Director of the office of Lawyers Professional Responsibility on or before the due date of each year during which probation is in effect that he has complied with all filing requirements of the tax laws. Upon the Director's request, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification of the filing of such tax returns.

4. Within 90 days respondent shall pay $750 in costs pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility.