In re Petition for DISCIPLINARY ACTION AGAINST Timothy E. GRAHAM, an Attorney at Law of the State of Minnesota.

No. CX–92–948.

Supreme Court of Minnesota.

July 16, 1993.

Marcia A. Johnson, Director, Patrick R. Burns, Sr. Asst. Director, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

Timothy E. Graham, pro se.

## PER CURIAM.

Respondent Timothy E. Graham is before this court on an amended and supplementary petition for disciplinary action filed by the Director of the Office of Lawyers Professional Responsibility on July 21, 1992.[1] The amended petition alleges that respondent has (1) fabricated documents and given false testimony; (2) engaged in a pattern of submitting false evidence and fabricated documents; (3) failed to file federal income tax returns; (4) engaged in a pattern of conduct prejudicial to the administration of justice; and (5) failed to cooperate in the disciplinary proceeding. Referee Arthur J. Boylan heard the matter on August 24, 1992, and filed his Findings of Fact, Conclusions of Law and Recommendation for Discipline on September 14, 1992. Because the referee recommended disbarment, this court temporarily suspended respondent pending our final determination of the matter. We now order disbarment.

Respondent answered the original petition, but he did not answer the amended petition with its additional allegations and failed to appear in person or through counsel at the referee's hearing. Because neither respondent nor the Director ordered a transcript of the hearing, the findings and conclusions of the referee are conclusive. *See* Rule 14(e), Rules on Lawyers Professional Responsibility (RLPR). Respondent filed no brief in this court, but he appeared at oral argument on February 8, 1993. At that time, respondent submitted a letter to the court requesting (1) that he be placed on disability inactive status pursuant to Rule 28(a), RLPR; (2) that the court stay disciplinary proceedings until he is able to assist in his own defense; and (3) that the court appoint counsel to assist him. We reject respondent's letter and requests as untimely, unsworn, and unsupported. We move to consideration of the petition before us and the findings and recommendations of the referee who heard that petition.

The referee's findings and conclusions may be summarized as follows:

### Count 1. *Fabricated Documents and False Testimony.*

Respondent filed a petition for his own personal bankruptcy on November 16, 1991. At the first meeting of creditors, held on January 15, 1992, respondent testified falsely under oath that he had transferred his interest in real property held by a joint venture known as Megra Properties to the Brian James Morehouse Irrevocable Trust on December 28, 1989, two days before respondent was to be married. In response to inquiry by the Director, respondent stated that the trust agreement was executed, witnessed, and notarized on December 28, 1989. When presented with evidence that the notary who took the acknowledgement had not been commissioned until April 19, 1990, respondent testified before a panel of the Lawyers Professional Responsibility Board that although the trust agreement had not been notarized until May of 1990, it had been executed and witnessed on December 28, 1989. Stephen Kiley, one of the witnesses to the trust agreement, did not meet respondent until 1990 and recollected signing the trust agreement sometime in 1991. Respondent collected fire insurance proceeds of $75,000 for a claim on one of the buildings owned by Megra Properties, but never disbursed any of the proceeds to the Morehouse Trust.

---

1. The original petition for disciplinary action, to which respondent filed an answer denying any wrongdoing, was filed May 20, 1992.

The referee found that respondent had fabricated and backdated evidence to conceal assets from his creditors and had made false statements regarding the irrevocable trust. This conduct violated Rules 3.3(a)(1) and (4); 3.4(b); 8.1(a)(1); and 8.4(a), (c), and (d), Minnesota Rules of Professional Conduct (MRPC).

### Count 2. *Pattern of Submitting False Evidence and Fabricated Documents.*

Respondent submitted fabricated retainer letters in response to complaints filed with the Director by Harlan and Muriel Bursh, Mr. and Mrs. Weldon Smith, and Stewart Case. Respondent later sued two of these parties in conciliation court for legal fees, submitting the fabricated letters into evidence. In his own marriage dissolution matter, respondent filed an affidavit with a fabricated letter purporting to memorialize an agreement to make certain payments in lieu of spousal maintenance. Respondent filed a motion to vacate a default judgment obtained against him in Florida and to stay proceedings when the Florida law firm of Moore, Farmer, Menkhaus & Juran, P.A. sought to enforce the judgment in Minnesota. In support of his motion, respondent submitted a fabricated letter purporting to confirm an agreement to give respondent an extension of time to answer the lawsuit in Florida.

The referee concluded that respondent's conduct in fabricating letters and submitting them into evidence violated Rules 3.3(a)(1) and (4); 3.4(b); 8.1(a)(1); and 8.4(a), (c), and (d), MRPC.

### Count 3. *Failure to File Income Tax Returns.*

Respondent failed to file federal individual income tax returns for the years 1987 through 1990 although required by law to do so. His estimated tax liability for those years was $40,249.66, excluding interest and penalties.

The referee concluded that respondent's failure to file income tax returns violated Rules 8.4(b) and (d), MRPC, and this court's holding in *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972).

### Count 4. *Pattern of Conduct Prejudicial to the Administration of Justice.*

When sued by respondent for attorney's fees on the basis of the fabricated retainer letter, the Burshes hired a lawyer to defend against the suit. Respondent first failed to respond to this lawyer's requests for discovery, then provided unsworn and incomplete answers. He later failed to appear for his jury trial. Respondent also failed to appear for a subsequent hearing at which the court dismissed his claim and awarded the Burshes attorney fees after finding that respondent's action had been brought in bad faith.

In January of 1992, respondent was charged in Hennepin County with one count of harassing communications and six counts of violating an order for protection. He requested trial by jury, which was scheduled for June 18, 1992. Respondent did not appear for trial on that day because, according to his attorney, he had been hospitalized with chest pains, nor did he appear in court on July 6, 1992, as ordered by the court, to substantiate the reason for his absence on June 18.

In 1991, respondent refused to surrender possession of three apartment buildings following the cancellation of his contract for deed. He delayed the unlawful detainer proceeding brought by the party who had cancelled the contract and threatened to throw the apartment keys in the river unless the plaintiff paid him $3,000. Fearing respondent would carry out his threat, the plaintiff gave him $2,000 for a quit claim deed to the buildings.

The referee concluded that respondent's conduct in failing to comply with a proper discovery request and in repeatedly failing to appear for scheduled trial dates in the Bursh suit, his repeated failure to appear at hearings in the criminal proceeding, and his threats and assertion of a position without basis in fact or law in the unlawful detainer matter violated Rules 3.2; 3.4(c) and (d); and 8.4(d), MRPC.

Count 5. *Failure to Cooperate.*

Respondent failed to respond to three complaints filed against him with the Director's office, the Director's investigation of his involvement with Senior Financial Services and of the fabricated letter concerning the Florida law firm, the Director's interrogatories and requests for production of documents and for admissions, and the allegations concerning his failure to file tax returns and to appear for scheduled court hearings. He also ignored the Director's request for verification of his hospitalization.

The referee concluded that respondent's failure to cooperate in the disciplinary proceedings and refusal to respond to the Director's discovery requests violate Rules 3.4(c) and (d) and 8.1(a)(3), MRPC, and Rule 25, RLPR.

Respondent was admitted to the bar of this state on August 2, 1981. His disciplinary history consists of two admonitions: one, in 1987, for failing to adequately set forth the nature of an investment made by an acquaintance who had given respondent an unsecured personal note for $20,000 in violation of Rule 8.4(c), MRPC; the other, in 1992, for acting as both escrow agent and attorney for a client and for failing to return the client's file in violation of Rules 1.7(b), 1.15(b)(4), and 1.16(d), MRPC. Before this court, on this petition for discipline, respondent has filed no brief and has presented no substantiated mitigating circumstances. On the record before us, we consider respondent's last minute request to delay the day of reckoning a continuation of the pattern of conduct found by the referee to be prejudicial to the administration of justice. As we said in *In re Schaefer*, 423 N.W.2d 680, 684 (Minn.1988)

[W]e find it a little late for respondent to attempt to use his alleged illness as an excuse for his conduct. * * * Here, respondent comes into court without being represented by counsel, without ordering a transcript so that the court could read the responses to questions posed to the respondent, and after failing to answer the supplemental petition or to file a brief before this court. * * * Thus, we

have absolutely nothing before us except respondent's oral plea for this court to grant leniency.

Courts of law cannot operate on such evidence.

The question then is what discipline to impose for respondent's misconduct. In making that determination, we must weigh: (1) the nature of the misconduct; (2) the cumulative weight of the disciplinary rule violations; and (3) the potential harm to the public, to the legal profession, and to the administration of justice. *See In re Pyles*, 421 N.W.2d 321, 325 (Minn.1988).

The nature of respondent's misconduct is rooted in dishonesty and deceit. His repeated acts of dishonesty and deceit constitute a continuing pattern of misrepresentation from which both the courts and the public need immediate protection. *See In re Carey*, 380 N.W.2d 806, 809 (Minn. 1986). Respondent has fabricated retainer letters in response to complaints against him and has used those same letters to sue for unearned attorneys fees. By forcing people into litigation, respondent has wasted their time and resources as well as those of the courts. Respondent submitted false documentary evidence on a number of occasions and testified falsely in both his bankruptcy and disciplinary proceedings. His lack of integrity is further reflected in his failure to file his federal income tax returns.

Respondent's acts of misconduct show that he is capable of harming the public as long as he as he maintains his office and continues to practice. Justice cannot be administered in the face of such misconduct as document fabrication, false testimony, failure to appear for civil and criminal trials, assertion of a position without basis in law or fact, and threats against an opposing party. Nor can the legal profession maintain its integrity in the face of an attorney's noncompliance with the reasonable requests of the Director to furnish designated papers or documents, to provide written explanations or answers, and to appear for conferences and hearings.

Several of the charges against respondent, even taken in isolation, could provide

the basis for lengthy suspension or disbarment. Taken in the aggregate, "the cumulative weight and severity of these disciplinary rule violations compel disbarment." *In re Jones*, 383 N.W.2d 303, 307 (Minn. 1986). We are left with no alternative.

Because respondent, Timothy E. Graham, has fabricated documents and given false testimony, has repeatedly submitted false evidence and fabricated documents to the court, has failed to file federal income tax returns, has engaged in a pattern of conduct prejudicial to the administration of justice, and has failed to cooperate in the disciplinary proceeding, we order his disbarment. We also order that respondent pay costs in the amount of $750.00 to the Director of the Office of Lawyers Professional Responsibility.

So ordered.