**In re Petition for DISCIPLINARY ACTION AGAINST Kenneth M. HOLKER, an Attorney at Law of the State of Minnesota.**

No. C5–99–1061.

Supreme Court of Minnesota.

Feb. 4, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a peti-

tion for disciplinary action alleging that respondent Kenneth M. Holker has committed professional misconduct warranting public discipline.

The referee appointed by this court has made findings that respondent was late in filing his state income tax returns for 1992, 1993 and 1994, filed federal income tax returns late for five of the six years 1990–1995, did not timely file his federal or state employer's quarterly withholding tax returns in 1990 and 1991 and did not timely pay the withholding taxed due thereon, in violation of Rule 8.4(b), Minnesota Rules of Professional Conduct, and the court's holding in *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972).

Respondent and the Director have entered into a stipulation wherein they stipulate that the referee's findings of fact and conclusions of law are conclusive, waive briefing and oral argument, and jointly recommend that the appropriate discipline is as recommended by the referee, namely, a public reprimand and probation for two years or until respondent's obligations to the Department of Revenue and Internal Revenue Service are completed under his Chapter 13 bankruptcy plan, whichever is longer, subject to the following conditions:

1. Respondent shall timely complete the payments to the Chapter 13 Trustee according to the confirmed plan.

2. Respondent shall file all required income tax and employer withholding returns to the Internal Revenue Service and the Department of Revenue on a timely basis and pay the tax obligations due thereunder. Respondent shall affirmatively report to the Director on or before the due date of any required returns, his compliance with the filing and payment requirements. Such reports shall include copies of the required returns. In the event respondent seeks an extension for filing or payment, he shall provide the Director with copies of all applications for said extensions and proof of approval of such applications. Respondent shall provide all of the required documents and information without specific requests from the Director.

3. Respondent shall abide by the Minnesota Rules of Professional Conduct.

4. Respondent shall cooperate fully with the Director's efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence. Respondent shall cooperate with the Director's investigation of any additional allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of probation.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Kenneth M. Holker is publicly reprimanded and placed on probation for two years or until his obligations to the Department of Revenue and Internal Revenue Service are completed under his Chapter 13 bankruptcy plan, whichever is longer, said probation to be on the terms and conditions set forth above, and that he pay $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

BY THE COURT:
Alan C. Page
Alan C. Page
Associate Justice