**In re Petition for DISCIPLINARY ACTION AGAINST Robert Scott WEISBERG, a Minnesota Attorney, Registration No. 183945.**

No. A07–663.

Supreme Court of Minnesota.

Dec. 10, 2009.

## ORDER

In March 2007, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Robert Scott Weisberg committed professional misconduct warranting public discipline, namely, neglect of two client matters resulting in dismissal of the clients' claims in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 3.2, and 8.4(d); failure to timely remit and account for settlement funds in three client matters in violation of Minn. R. Prof. Conduct 1.3, 1.4, and 1.15(c)(1) and (4); failure to timely return approximately 171 client files in violation of Minn. R. Prof. Conduct 1.16(d); felony possession of controlled substances in violation of Minn. R. Prof. Conduct 8.4(b); and failure to cooperate with the Director in violation of Minn. R. Prof. Conduct 8.1(b) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

In May 2007, the Director filed a supplemental petition for disciplinary action alleging that respondent committed further professional misconduct warranting public discipline, namely, continued neglect and abandonment of his practice in violation of Minn. R. Prof. Conduct 1.1, 1.3, and 1.4; continued failure to timely remit settlement funds and return client files in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.15(c)(1) and (4), and 1.16(d); and continued failure to cooperate with the Director in violation of Minn. R. Prof. Conduct 8.1(b) and Rule 25, RLPR.

In December 2007, the Director filed a second supplementary petition for disciplinary action alleging that respondent committed further professional misconduct warranting public discipline, namely, additional criminal charges (driving while intoxicated, transportation of firearms, possession of an open container of alcohol in a motor vehicle, and possession of drug paraphernalia) in violation of Minn. R. Prof. Conduct 8.4(b); and continued failure to cooperate with the Director in violation of Minn. R. Prof. Conduct 8.1(b) and Rule 25, RLPR.

In January 2009, the Director filed a third supplementary petition for disciplinary action alleging that respondent committed further professional misconduct warranting public discipline, namely, failure to comply with court orders in violation of Minn. R. Prof. Conduct 3.4(a) and (c), and 8.4(d); commission of a criminal act (felony possession of a controlled substance, misdemeanor careless driving, and petty misdemeanor possession of drug paraphernalia) reflecting adversely on fitness as a lawyer in violation of Minn. R. Prof. Conduct 8.4(b); neglect, inadequate client communication, and failure to account with respect to four additional clients in violation of Minn. R. Prof. Conduct 1.3, 1.15(c)(1) and 1.16(d); failure to cooperate with the Director's investigation of four additional client complaints in violation of Minn. R. Prof. Conduct 8.1(b) and Rule 25, RLPR; and continued unauthorized practice of law while fee-suspended in violation of Minn. R. Prof. Conduct 5.5(a) and (b)(2).

The Director agreed that respondent was not required to file an answer to the initial disciplinary petition until after the criminal charges pending against him were resolved. However, even after the criminal charges pending against respondent were resolved, respondent did not answer the initial disciplinary petition or any of the supplementary disciplinary petitions. On January 27, 2009, the Director filed a stipulation with respondent under which respondent admitted the above allegations of the petition and supplementary petitions and waived his procedural rights under Rule 14, RLPR. The parties jointly recommended that the appropriate discipline is an indefinite suspension for a minimum of three years.

By order filed on April 14, 2009, we ordered the parties to file memoranda showing cause, if any there be, why respondent should not be disbarred for the professional misconduct to which he had admitted. The court received a memorandum from the Director which provided additional information.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, respondent Robert Scott Weisberg is indefinitely suspended from the practice of law. Respondent may not petition for reinstatement until he has successfully completed the professional responsibility portion of the state bar examination, which examination respondent may not attempt for a minimum of three years from the date of filing of this order, and until respondent has completed 12 consecutive months of valid (non-dilute) random urinalysis test results. Reinstatement is further conditioned upon: (1) satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR; (2) completion of in-patient treatment for chemical dependency and any aftercare that may be recommended or prescribed by the treating facility; and (3) cooperation with and successful completion of the terms of any court-ordered criminal probation. Respondent shall pay costs in the amount of $900 and disbursements in the amount of $847.80, pursuant to Rule 24(d), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

BY THE COURT

/s/Eric J. Magnuson
Chief Justice

PAGE, Justice (dissenting).

I respectfully dissent. Given the misconduct, I would disbar.