In re Petition for DISCIPLINARY ACTION AGAINST Jill M. WAITE, a Minnesota Attorney, Registration No. 191152.

No. A08–2097.

Supreme Court of Minnesota.

June 3, 2010.

Martin A. Cole, Director, Julie E. Bennett, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner.

Jill Clark, Golden Valley, MN; and Michael C. Mahoney, Wayzata, MN, for respondent.

## OPINION

PER CURIAM.

In August 2008, the Director of the Office of Lawyers Professional Responsibility served and filed a petition for disciplinary action against respondent Jill M. Waite, alleging that Waite failed to timely file federal and state income tax returns for the tax years 1993 through 2004, in violation of Minn. R. Prof. Conduct 8.4(b) and (d). Waite admitted that she failed to timely file the tax returns in question but denied that this conduct violated any rule of professional conduct. In a supplementary petition, the Director alleged that Waite failed to comply with certain orders issued by a federal district court judge. Waite denied any misconduct relating to the allegations of the supplementary petition. Pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), a referee hearing was held, after which the referee filed findings of fact, conclusions of law, and recommendation for discipline with our court. The referee recommended that Waite be suspended from the practice of law with no right to petition for reinstatement for a period of five months. We adopt the referee's recommended discipline.

Waite was first admitted to the practice of law in Texas in 1977 and is also admitted in Wisconsin. She was admitted to the practice of law in Minnesota in July 1988 and practices as a sole practitioner, focusing on litigation in civil and criminal cases in state and federal court.

Although Waite had sufficient income from her law practice between 1993 and

2004 to require her to file individual federal and state income tax returns, Waite failed to file either state or federal income tax returns for those years. In 2004, after an audit, the Minnesota Department of Revenue (DOR) determined that Waite's total state tax liability for the years 1994 through 2001, including penalties and interest, was $84,797.74 and ordered Waite to pay that amount by October 15, 2004. Waite neither appealed the DOR order nor paid the required amount.

In July 2005, DOR notified Waite of its intent to file a disciplinary complaint with the Director's office. During August and September 2005, Waite filed her state income tax returns for the years 2000, 2001, 2003, and 2004 and her 2002 federal income tax return. On September 21, 2005, DOR filed a disciplinary complaint against Waite with the Director's office. In the month following the filing of the disciplinary complaint, Waite filed her state income tax returns for the years 1998, 1999, and 2002 and her federal income tax returns for the years 1998 through 2001 and for 2003 and 2004 (the 2002 return having been filed earlier). However, Waite did not file her federal income tax returns for the years 1993 through 1997 until April 2006 and did not file her state income tax returns for the years 1993 through 1997 until May 2006.[1]

In August 2008, the Director of the Office of Lawyers Professional Responsibility served and filed a petition for disciplinary

action against Waite. The petition alleged that Waite failed to timely file required federal and state individual income tax returns for tax years 1993 through 2004, in violation of Minn. R. Prof. Conduct 8.4(b) and (d). In her answer to the petition, Waite admitted that she had sufficient income to require her to file federal and state income tax returns for the tax years in question and that she failed to timely file the required income tax returns. Waite asserted, however, that this conduct did not violate any rule of professional conduct.

The Director subsequently filed a supplementary petition for disciplinary action alleging that Waite failed to comply with certain orders issued by a federal district court judge, resulting in the dismissal of Waite's client's claims with prejudice. Waite denied any misconduct relating to the allegations contained in the supplementary petition for disciplinary action.

A referee hearing on the petitions was conducted in March and April of 2009. In May 2009, the referee filed with our court findings of fact, conclusions of law, and a recommendation for discipline. The referee concluded that the Director proved by clear and convincing evidence that Waite's failure to timely file federal and state income tax returns for the years in question violated Minn. R. Prof. Conduct 8.4(b) and (d). The referee further concluded that Waite's conduct in the federal district court proceeding violated Minn. R. Prof. Conduct 1.1, 1.3, 3.4(c), 5.3, and 8.4(d).[2]

---

1. Moreover, Waite did not pay the taxes, penalties, and interest associated with those returns as they were being filed and, as a result, both the DOR and the Internal Revenue Service filed notices of levy and tax liens. By the time of the hearing before the referee, Waite had satisfied her federal and state income tax obligations.

2. The petition for disciplinary action also alleged that Waite filed an affidavit in state district court that contained incorrect infor-

mation that Waite allowed to go uncorrected. Waite denied any misconduct related to the submission of the affidavit to the district court. The supplementary petition for disciplinary action also alleged that Waite engaged in conduct in a state district court proceeding that resulted in an unnecessary hearing. The referee concluded that the Director failed to prove by clear and convincing evidence that Waite's conduct in those state district court matters violated any disciplinary rule. The Director did not appeal that conclusion.

Based on his findings and conclusions, the referee recommended that Waite be indefinitely suspended from the practice of law in the State of Minnesota and that she be ineligible to apply for reinstatement for a minimum of five months.

The Director bears the burden of proving professional misconduct by clear and convincing evidence. *In re Varriano*, 755 N.W.2d 282, 288 (Minn.2008); *In re Gillard*, 271 N.W.2d 785, 805 n. 3 (Minn. 1978) (adopting "full, clear and convincing evidence" standard for attorney discipline matters). This standard requires a high probability that the facts are true. *In re Houge*, 764 N.W.2d 328, 334 (Minn.2009); *see also In re Ray*, 452 N.W.2d 689, 691 (Minn.1990) (noting that the clear and convincing evidence requires "more than a preponderance of the evidence, but less than proof beyond a reasonable doubt"). If either party orders a transcript of the hearing, as Waite did here, the referee's findings of fact and conclusions of law are not conclusive. Rule 14(e), RLPR; *In Re Ryerson*, 760 N.W.2d 893, 900 (Minn.2009). We nonetheless give great deference to the referee's findings and will not reverse those findings unless they are clearly erroneous, especially when the referee's findings rest on disputed testimony or in part on credibility, demeanor, and sincerity. *In re Barta*, 461 N.W.2d 382, 382 (Minn.1990). To conclude that a referee's findings are "clearly erroneous," we must be "left with the definite and firm conviction that a mistake has been made." *In re Lyons*, 780 N.W.2d 629, 635 (Minn.2010).

## I.

The referee concluded that Waite's failure to timely file her state and federal income tax returns from 1993 to 2004 violated the Minnesota Rules of Professional Conduct. Waite disputes the referee's conclusion.

Therefore, we do not consider those matters

In 1972, we first announced that the failure to file individual income tax returns would almost certainly subject the delinquent attorney to disciplinary sanctions. *In re Bunker*, 294 Minn. 47, 53–55, 199 N.W.2d 628, 631–32 (1972). We explained:

> The lawyer in our society occupies a unique role. He provides the average citizen with the means of regulating his own affairs so as to conform to the laws imposed upon citizens by the representative form of government. In addition, the lawyer provides leadership in formulating the laws and regulations by which we all live. At the time of his admission to practice in this state, each lawyer takes an oath to support the laws of the state and the nation. There is no law of the state or nation which so uniformly affects every citizen as the income tax regulations. Income tax regulations and collection of these taxes form an integral part of our government system since they insure the revenues necessary to carry out the operation of the government. Any violation of the income tax laws represents a threat to the ability of our governmental units to function, whether such action is done with corrupt intent or not. In the case of a lawyer, it most certainly represents a clear violation of his oath to uphold the Constitution and the laws of the United States and the State of Minnesota.

*Id.* at 50, 199 N.W.2d at 630. Since then we have disciplined many attorneys for failure to file tax returns, both for failure to timely file such tax returns and for failure to file them altogether. *See, e.g., In re Selmer*, 749 N.W.2d 30, 40 (Minn.2008) (failure to timely file); *In re Borden*, 690 N.W.2d 557, 557 (Minn.2005) (failure to file); *In re Friday*, 690 N.W.2d 559, 559 (Minn.2005) (failure to timely file); *In re*

further.

*See,* 669 N.W.2d 602, 602 (Minn.2003) (failure to timely file).

Waite offers several arguments why her admitted failure to file individual federal and state income tax returns for as many as 12 years should not be considered a violation of the Rules of Professional Conduct. First, Waite argues that there can be no violation of Minn. R. Prof. Conduct 8.4(d), one of the rules the referee concluded that Waite violated, without a violation of some other rule of professional conduct as well. Waite points to nothing in support of such an interpretation of Rule 8.4(d). To the contrary, we have disciplined lawyers for violating only Rule 8.4(d). *See In re Backstrom,* 767 N.W.2d 453, 453 (Minn.2009); *In re Nichols,* 766 N.W.2d 703, 703 (Minn.2009); *In re Moulton,* 721 N.W.2d 900, 901–02 (Minn.2006).

Waite further argues that we should limit Minn. R. Prof. Conduct 8.4(d) to conduct before courts or other tribunals because that is how other courts have limited similar rules applicable to lawyers' conduct in their jurisdictions. We have never so limited the scope of conduct sanctionable under Rule 8.4(d), as evidenced by the fact that we have previously disciplined lawyers under Rule 8.4(d) for failure to timely file tax returns, and we decline to do so now.

Waite argues that it was impermissible for the referee to conclude that she committed professional misconduct without a demonstration that she had actual knowledge that she was required to file income tax returns, at the time she was required to file them. Waite cites no authority for this proposition. On the contrary, we have often disciplined attorneys for failure to file tax returns without a demonstration of any intentional misconduct. *See, e.g., In re Haugen,* 425 N.W.2d 835, 836 (Minn. 1988) (holding that it is not a defense that the late filing of tax returns was not intentional or the result of neglect); *In re*

*Knutson,* 405 N.W.2d 234, 237 (Minn.1987) (holding that a claim that respondents failure to file "was not intentional and was, at most, negligent" was not a defense and the respondent was still subject to discipline).

Waite also argues that she relied on professional advice that she was not required to file individual tax returns and, because her testimony to that effect was uncontradicted, the referee erred in not crediting it. At the hearing, Waite testified that an accountant told her in the early 1990s that because Waite had low income and substantial expenses from purchasing an apartment building, she did not need to file a tax return in 1993. Waite testified that in 1994 or 1995 she contacted a new person to handle her tax matters and that person told her "it would benefit [her] to file because there were these programs where [she] could get money back, even though [she] didn't pay in." Waite further explained that she determined for herself that this advice would still be valid for tax years 1996 through 2004 because her personal financial situation had not changed in those years.

The referee was free to reject Waite's testimony as lacking credibility, *see In re Getty,* 452 N.W.2d 694, 697 (Minn.1990), and did. The referee did not find Waite's testimony "true or persuasive" and noted that it was "vague . . . and implausible." The referee pointed out that Waite admitted that she had adequate gross income requiring her to file tax returns in all applicable years and noted that the fact that Waite may have deductions does not relieve her of the duty to file. The referee further commented that the requirements to file are well known and clear and, even if Waite had relied on erroneous advice from 1993 to 1995, it was unreasonable for her to extrapolate such advice to all future years. We give particular deference to a referee's determination of credibility. *In*

*re Winter*, 770 N.W.2d 463, 467 (Minn. 2009). We decline to look behind the referee's credibility determinations here.

Finally, Waite argues that the referee's findings are unsupported by competent evidence. To the contrary, Waite admits that she did not file state or federal income tax returns for tax years 1993 to 2004, although she admits that she had sufficient income to require her to file state and federal individual income tax returns for those years. The referee's findings as to Waite's failure to file are amply supported by the record. Based on those findings, the referee properly concluded that Waite's conduct violated Minn. R. Prof. Conduct 8.4(d).[3]

## II.

■ With respect to Waite's failure to comply with the federal district court's orders, the referee found the following. In May 2004, the United States District Court for the District of Minnesota implemented a case management/electronic case filing (CM/ECF) system that provides for electronic court filings and distributes notices issued by the court to lawyers by email. As part of the CM/ECF system, attorneys are required to provide the court with a current email address and, if their email address changes, to update the information on CM/ECF. Waite, who regularly practices in federal court, registered an email address with CM/ECF and received notices from the federal district court through her email address.

In April 2006, Waite filled a complaint in federal district court on behalf of a client. In May 2006, the court issued a pretrial conference notice that required the parties to confer in advance on such things as a discovery plan, deadline for the close of factual discovery, and the date by which the case would be ready for trial. Waite did not confer with defendant's counsel, as required by the court's order. On June 30, 2006, after the pretrial conference, the federal district court issued a pretrial scheduling order detailing when pre-discovery disclosures were to be made, expert witnesses disclosed, and all pretrial motions filed. On November 13, 2007, the court notified the parties that they were on a trial block beginning February 1, 2008, and ordered the parties to file pretrial submissions, such as witness and exhibit lists, by January 18, 2008. This order was sent to counsel electronically through the CM/ECF system.

On December 20, 2007, Waite represented her client at a settlement conference scheduled by the court and was told by the magistrate who conducted the settlement conference that trial was scheduled for February 4, 2008. On January 17, 2008, the court's calendar clerk reminded Waite's legal assistant in a phone call that February 4, 2008, was the date certain for trial. The clerk indicated that Waite should refer to the November 13, 2007, order for the due date for trial submissions. Waite received a message from her legal assistant concerning the call from the calendar clerk, but claims that her assistant failed to give her the calendar clerk's complete message. Waite failed to submit any pretrial documents to the court, as directed in the November 13, 2007, pretrial order.

After failing to receive trial submissions by January 18, 2008, as ordered, on Janu-

---

3. The referee also concluded that Waite's failure to timely file her state and federal income tax returns violated Minn. R. Prof. Conduct 8.4(b), which makes it professional misconduct to "commit a criminal act that reflects adversely on the lawyer's honesty, trustwor-

thiness, or fitness as a lawyer in other respects." The referee's factual findings are not sufficient to establish that Waite's failure to timely file tax returns amounted to "a criminal act," and we decline to discipline Waite under Rule 8.4(b).

ary 22, 2008, the calendar clerk called Waite again but was unable to leave a message, as Waite's answering machine was full. A few minutes later the calendar clerk emailed Waite stating that trial submissions had been due four days earlier and that Waite needed to inform the court when the submissions would be made. Later that day, the court issued an order giving Waite until noon on January 25, 2008, to submit all the requested documents or the case would be dismissed with prejudice. This order was also sent to counsel electronically by the CM/ECF system.

After Waite missed this deadline, the calendar clerk once again called Waite's office and left a message asking Waite to return the court's call immediately. Waite failed to contact the court or file the required trial documents. On January 25, 2008, the court dismissed the case with prejudice, stating that Waite had "frequently disobeyed Court orders without any explanation or excuse."

At the referee hearing, Waite claimed that the CM/ECF system was prone to errors and that she received only some of the emails sent by the federal court. However, the referee noted that Waite offered no evidence that the messages sent to her by the federal court had been returned undelivered to the court and no persuasive evidence that the emails were not received on Waite's computer. The referee also noted that Waite failed to respond to electronic and other messages and orders that she had admittedly or obviously received and rejected Waite's claim that her conduct was caused by "post-traumatic stress disorder" or "computer phobia." Based on these findings, the referee concluded that Waite's conduct in the federal court matter violated Minn. R. Prof. Conduct 1.1,[4] 1.3,[5] 3.4(c),[6] 5.3,[7] and 8.4(d).[8]

■ Waite contends that there is insufficient evidence to support the referee's finding that her handling of the federal district court matter violated any rule of

4. Rule 1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."

5. Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

6. Rule 3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

7. Rule 5.3 provides in pertinent part that [w]ith respect to a nonlawyer employed or retained by or associated with a lawyer: (a) ... a lawyer, who ... possess[es] comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that [the] nonlawyer's con-

duct is compatible with the professional obligations of the lawyer; (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (c) a lawyer shall be responsible for the conduct of a nonlawyer that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

8. Rule 8.4(d) provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

professional conduct. An attorney is required "to provide competent representation to a client." Minn. R. Prof. Conduct 1.1. In providing competent representation, the attorney must exhibit the skills and thoroughness "reasonably necessary for the representation." *Id.; In re Mayrand,* 723 N.W.2d 261, 266 (Minn.2006) (failure to timely file adequate responsive documents for summary judgment hearing violated the rule of professional conduct requiring a lawyer to provide competent representation to a client). An attorney is also required to act with reasonable diligence. Minn. R. Prof. Conduct 1.3; *In re Moore,* 692 N.W.2d 446, 448 n. 1 (Minn. 2005) (attorneys neglect that results in dismissal of the client's case is a violation of Minn. R. Prof. Conduct 1.3). Further, it is impermissible for a lawyer to "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Minn. R. Prof. Conduct 3.4(c); *In re Pierce,* 706 N.W.2d 749, 754 (Minn.2005) (failure to appear at court hearing scheduled by the court is a violation of Minn. R. Prof. Conduct 3.4(c)).

■ In addition, lawyers must ensure that their non-lawyer assistants act in accordance with the Rules of Professional Conduct; if the lawyer fails in this regard, the lawyer may be held accountable for the non-lawyer's misconduct. Minn. R. Prof. Conduct 5.3; *In re Kaszynski,* 620 N.W.2d 708, 712 (Minn.2001) (failure to adequately train and supervise non-lawyer assistant that results in harm to client is a violation of Minn. R. Prof. Conduct 5.3). Finally, it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Minn. R. Prof. Conduct 8.4(d); *In re Weisberg,* 775 N.W.2d 650, 651 (Minn.2009) (neglect of client matters resulting in dismissal of the clients' claims is a violation of Minn. R. Prof. Conduct 8.4(d)).

Here, based on our careful review of the record before us, we conclude, as we did with respect to Waite's failure to timely file federal and state individual income tax returns, that there is ample evidence in the record to support the referee's conclusion that Waite's conduct in the federal district court matter constituted professional misconduct in violation of Minn. R. Prof. Conduct 1.1, 1.3, 3.4(c), 5.3, and 8.4(d).

## III.

■ The referee recommended that Waite be indefinitely suspended from the practice of law with no right to petition for reinstatement for a period of five months. The sanction recommended by the referee carries great weight, although we have the final responsibility for determining the appropriate discipline. *In re Jagiela,* 517 N.W.2d 333, 335 (Minn.1994). In imposing discipline, our purpose is not to punish the attorney, but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys. *In re Plummer,* 725 N.W.2d 96, 98 (Minn.2006). In deciding the appropriate discipline, we consider the nature of the misconduct, the cumulative weight of the rule violations, and the resulting harm to the public and to the legal profession. *See In re Nelson,* 733 N.W.2d 458, 463 (Minn.2007). In addition, we consider any mitigating or aggravating circumstances. *See In re Houge,* 764 N.W.2d at 338. Although our past decisions provide guidance and aid in enforcing consistent discipline, we impose discipline based on each case's unique facts and circumstances. *In re Redburn,* 746 N.W.2d 330, 334 (Minn.2008).

Waite's misconduct is serious. Waite failed to file federal and state individual income tax returns for a period of 12 years. We have repeatedly noted that the

most appropriate discipline in tax misconduct cases is suspension.[9] *See, e.g., In re Jones,* 383 N.W.2d 686, 688 (Minn.1986). In the federal district court matter, Waite failed to show the requisite competence, diligence, and obedience to court orders expected of an attorney, resulting in her client's case being dismissed with prejudice.

Further, the referee noted that Waite's misconduct is aggravated by her disciplinary history,[10] which includes misconduct similar to that involved in the federal district court matter, and her substantial experience in the practice of law. *See In re Gherity,* 673 N.W.2d 474, 480–81 (Minn. 2004) (holding that a lawyer's prior disciplinary history is relevant to determine an appropriate sanction); *In re Moeller,* 582 N.W.2d 554, 559–60 (Minn.1998) (noting the referee's conclusion that a lawyer's substantial experience in the practice of law was an aggravating factor); *see also In re Oberhauser,* 679 N.W.2d 153, 160 (Minn.2004) (considering the fact that the lawyer was "an experienced attorney"). The similarity between Waite's past misconduct and the misconduct in the federal district court matter indicates that Waite has not renewed her "commitment to comprehensive ethical and professional behavior." *See In re Isaacs,* 451 N.W.2d 209, 212 (Minn.1990) (internal quotation marks omitted).

Based on Waite's misconduct, and the aggravating and mitigating circumstances found, the referee recommended that Waite be suspended indefinitely and that she not be permitted to petition for reinstatement for a minimum of five months. Given the record before us, we see no compelling reason to deviate from the referee's recommendation.

Accordingly, we order that:

1. Respondent Jill M. Waite be indefinitely suspended from the practice of law, effective 14 days after the filing of this order, and that she be ineligible to petition for reinstatement for a minimum of five months from the effective date of the suspension.

2. Waite shall comply with the requirements of Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. If Waite seeks reinstatement, she shall comply with the requirements of Rule 18(a)–(c), RLPR.

9. Waite argues that our previous cases have treated more leniently a failure to timely file tax returns, as compared to the failure to file returns altogether. *See In re Selmer,* 749 N.W.2d at 38 (observing that the failure to file tax returns altogether is a more serious violation than a mere failure to timely file). Selmer's 2001 individual tax returns were filed in the spring of 2003, a year late, and his 2002 federal income tax return was filed in May 2003, a month late. In contrast, Waite's returns were filed as many as 12 years late and none of them was filed until after the DOR notified Waite that it intended to file a disciplinary complaint against her. We express no opinion as to precisely when a failure to timely file becomes a failure to file altogether, but nevertheless conclude that Waite's conduct amounts to a failure to file, and not just a failure to timely file, at least some of the returns at issue.

10. In 1995, Waite was admonished for failing to ensure that her client's documents were delivered to the bankruptcy trustee, failing to adequately respond to the trustee's inquiries on the status of the documents, failing to inform her client she would be charged the trustee fees, and failing to promptly search for the requested documents in violation of Minn. R. Prof. Conduct 1.3. In 2000, Waite was admonished for failing to submit a summary requested by an arbitrator, failing to timely request a trial, failing to communicate with her client, and failing to take action after judgment was entered, in violation of Minn. R. Prof. Conduct 1.3 and 1.4(a).

4. Waite shall pay $900 in costs pursuant to Rule 24, RLPR.

So ordered.